### CHESHIRE.

---

### STATE *v.* NARAMORE.

An indictment (upon Gen. St., *c.* 257, *s.* 3), charging a fraudulent concealment of a debtor's property, "with intent thereby to prevent the attach-

ment or seizure of the same upon mesne process or execution," is bad for uncertainty, the disjunctive form of the charge leaving it uncertain whether the alleged intent was to prevent the , attachment of the property on mesne process, or to prevent its seizure on execution.

INDICTMENT (upon Gen. Sts., c. 257, s. 3), for the fraudulent concealment of a wagon, the property of one Hill, "with intent thereby to prevent the attachment or seizure of the same upon mesne process or execution" against the said Hill. Demurrer.

*Healey*, solicitor, for the state.

*Woodward & Wellington*, for the defendant.

FOSTER, J. A general rule relative to the mode of describing an offence in an indictment is, that "it must not be stated in the disjunctive, so as to leave it uncertain what is really intended to be relied upon as the accusation." 1 Chitty Cr. L. 231; 1 Arch. Cr. Pl. 91; 1 Bishop Cr. Pr., s. 333; *State v. Gary*, 36 N. H. 359. A common application of the rule occurs in indictments upon statutes; for, notwithstanding it is considered to be, in general, sufficient to describe the offence in the words of the statute (*State v. Abbott*, 31 N. H. 434, 438; *State v. Blaisdell*, 33 N. H. 388, 395; 1 Arch. Cr. Pl. 88; Bishop St. Cr., s. 557), still, when a statute makes it a crime to do one or another act, mentioning several things disjunctively, though the indictment may, as a general rule, embrace the whole in a single count, it must use the conjunctive "and" where "or" occurs in the statute, else it will be defective, as being uncertain. 1 Bishop Cr. Pr., s. 334; Step. Cr. L. 180; *Com. v. Eaton*, 15 Pick. 273; *Wingard v. The State*, 13 Ga. 396, 398.

The language of the statute is, " to prevent the attachment or seizure of the same upon mesne process or execution;" and the same words are used in the indictment. The description of the intent in the indictment was copied from the statute, and we see no sufficient reason for holding that the copy and the original do not mean the same thing.

In the statute and in the indictment the terms "attachment" and "seizure" may be synonymous. "Attachment" and "seizure" may not present the accusation in an alternative form. *Brown v. Com.*, 8 Mass. 59, 64; *State v. Gilbert*, 13 Vt. 647, 651. But "mesne process" and "execution" are not synonymous. In the statute, the phrase "to prevent the attachment or seizure of the same upon mesne process or execution" is a description of two intents,—one, to prevent the capture of the property on mesne process, and another, to prevent capture on final process. And, if it is also descriptive of a third intent, to prevent capture on either or both of the two processes, it is none the less disjunctive. As it means in the indictment what it means in the statute, the indictment is bad for leaving it uncertain

which of the two (or three) intents is charged. *State* v. *Gary*, before cited. " With intent thereby to prevent the attachment of the same upon mesne process, or with intent thereby to prevent the seizure of the same upon execution," would manifestly be an alternative, insufficient in pleading. The statute has that disjunctive signification ; and the language of the statute, copied into the indictment, cannot be understood in a narrower sense.

A person fraudulently concealing property may not know on which process an attempt will be made to take it into legal custody. The uncertainty may be, not in the intent, but in the character of the process which there is a fixed purpose to defeat, whatever its character may be. And it could be argued that this indictment describes a certain intent to avert an uncertain danger ; and some care may be required for the description of such an intent, if it is not described in this indictment. But one count alleging an intent to prevent a taking on mesne process, and another count alleging an intent to prevent a taking on execution, would probably, in general, be sufficient for all practical purposes. If it should be necessary to charge an intent to avoid an alternative danger, it can be so described as to show that the uncertainty is in the danger and not in the intent. But here, the description of the intent is uncertain, and consequently insufficient. Although the concealment is of one wagon, it may be a concealment at one time and place for the purpose of defeating the writ, and it may be a concealment at another time and place for the purpose of defeating the execution. Proof of one purpose is not, necessarily, proof of the other purpose. The defendant may be actuated by wholly different motives on the two occasions,—as, for example, on one, to avoid the difficulty of getting a receiptor ; on the other, to avoid payment of the judgment. A charge of a purpose to defeat the writ would not be sustained by proof of a purpose to defeat the execution, the latter being a descriptive averment. The offences may be distinct, not only in time and place, but also in relation to the legal process,—distinct in every circumstance comprised in two different crimes. The defendant has the right to be informed by the grand jury which of those crimes they intend to charge him with.

A word or phrase may not always have the same meaning in a statute and in pleading ; but unnecessary inconvenience in practice, confusion in general principle, and subtlety in application and distinction, are obviated by understanding the language of this indictment in the sense in which it is used in the statute.

*Demurrer sustained.*

ALLEN, J., did not sit.