## STATE *v.* LEAVITT.

An indictment which charges the sale of intoxicating liquor in language equally applicable to the offence described in Gen. Laws, c. 189, *s.* 13, and that described in *s.* 15 of the same chapter, is insufficient.

INDICTMENT, charging that the respondent, not being an agent of any town, place, or city for the purpose of selling intoxicating liquors, did sell one quart of intoxicating liquor to a certain person whose name is to the jurors aforesaid unknown.

The respondent moved to quash the indictment, because it does not sufficiently inform the respondent of the offence with which he is charged, and does not identify the offence so as to protect him from a subsequent prosecution for the same offence, or enable the court to render a proper judgment upon it.

*The Attorney-General,* and *E. G. Leach, solicitor,* for the state.

*A. F. L. Norris, Henry Robinson,* and *F. H. Gould,* for the defendant.

BINGHAM, J. Section 13, c. 109, Gen. Laws, provides that "If any person not being an agent of a town for the purpose of selling spirit shall sell or keep for sale any spirituous liquor, in any quantity, he shall be fined fifty dollars; and for any subsequent offence he shall be fined one hundred dollars, or be imprisoned not exceeding ninety days, or both."

Section 15 provides that "If any person not being an agent of a town for the purpose of selling spirituous liquors, shall sell or keep

for sale cider in less quantities than ten gallons, except when sold by the manufacturer at the press, or in an unfermented state, or lager beer or other malt liquors not included in the list of those already prohibited by law, in any quantity, such person shall be fined ten dollars, and for any subsequent offence fifty dollars.

The crime and penalty of the thirteenth section are different from those in the fifteenth; and the indictment, not informing the respondent of which of the crimes he is charged, is bad for uncertainty. *State* v. *Messenger*, 58 N. H. 348. Neither does it show which of the two sections the respondent is accused of violating. *State* v. *Sherburne*, 58 N. H. 159; *State* v. *Naramore*, 58 N. H. 273, 275; *State* v. *Adams*, 51 N. H. 568.

*Indictment quashed.*

SMITH, J., did not sit: the others concurred.