Strafford, }
Nov. 7, 1906. }

## STATE v. LANGDON.

An indictment in terms charging an unlawful delivery of intoxicating liquor in violation of section 15, chapter 95, Laws 1903, as amended by chapter 49, Laws 1905, is bad upon demurrer if it fails to allege that the respondent, at the time of the offence set forth, held a license permitting him to engage in the traffic in liquor.

INDICTMENT, charging the unlawful delivery of liquor contrary to the provisions of sections 15 and 27, chapter 95, Laws 1903, as amended by chapter 49, Laws 1905. The defendant demurred (1) because the indictment did not allege that notice in writing had been given to him, as required by section 27, chapter 95, Laws 1903, as amended by section 9, chapter 49, Laws 1905; (2) because it was not alleged that the defendant knew the person to whom the delivery of liquor was charged to be one to whom such delivery was forbidden; (3) because it was not alleged that the defendant was a licensee under chapter 95, Laws 1903. Transferred from the September term, 1905, of the superior court by *Chamberlin*, J., without a ruling.

*Dwight Hall*, solicitor, for the state.

*William S. Pierce*, for the defendant.

PARSONS, C. J.  "No person shall sell, deliver, or give away, or cause or permit or procure to be sold, delivered, or given away, any liquor, *first*, to a minor, nor to a minor for any other person; *second*, to an intoxicated person; *third*, to an habitual drunkard; *fourth*, to any person where notice in writing has been given in accordance with the provisions of section 27 of this chapter, forbidding sale or delivery to such person." Laws 1905, c. 49, s. 9; Laws 1903, c. 95, s. 15. The respondent demurs to an indictment in terms charging a violation of the foregoing section. The only ground of demurrer which it is necessary to consider is the failure to allege that the respondent, at the time of the offence charged, held a license to engage in the traffic in liquor. This objection is fatal, and the demurrer must be sustained.

By the general law of the state (P. S., c. 112) the sale of liquor to any person is prohibited. Section 8, chapter 122, Laws 1903, provides that "the procuring, furnishing, or giving away of spirituous liquors, or any shift or device to evade the provisions of chapter 112 of the Public Statutes or amendments thereto, shall

be deemed unlawful selling within the provisions of said chapter, and the punishment shall be the same as in the case of selling or keeping for sale spirituous liquors." If the respondent is not a licensee, the acts charged against him would constitute an offence, without reference to the fact whether the person to whom it was charged the liquor was delivered came within the description of sections 15 and 27, Laws 1903, as amended (Laws 1905, *c.* 49), or not. This section prohibits the delivery of liquor to all persons, the only exception being the "furnishing or giving away" of spirituous liquors by a person in his private dwelling. Laws 1903, *c.* 122, *s.* 8. The supplying of spirituous liquor to any person by sale or otherwise being forbidden by general law, chapter 95, Laws 1903, provides that in a particular situation "it shall be lawful to engage in the traffic in liquor"; and in that respect the chapter is an amendment of the law.

Although such traffic is generally forbidden, those persons who have received licenses are authorized in towns which have adopted the act to sell and keep liquor for sale. The subject of the chapter is the regulation, not the prohibition, of the sale. The sale is permitted, but the act contains numerous restrictions, some of which limit the persons to whom liquor may be sold. Although the language of section 15, providing that "no person" shall sell or deliver liquor to certain persons described, is sufficiently broad to include all persons within its prohibition, it is reasonable to conclude that the enactment was not directed against those who were already forbidden to supply liquor to any one, but against those permitted to sell to some. In the act of 1903, licensees who delivered or gave away liquor in violation of section 15 were punishable under section 28 of the act, but no penalty was provided for the delivery or giving away of liquor in violation of that section by a non-licensee. The absence of such penalty, and the fact that at the same session the section of chapter 122 forbidding the procuring, furnishing, or giving away of liquor to any person by a non-licensee was adopted, establish the legislative understanding in 1903 that section 15 of chapter 95 applied only to licensees. In spite of the general expression "no person," the purpose of the act, in connection with existing and concurrent legislation, establishes that, like other sections of the chapter more definite in expression or made more certain from their subject-matter, this section was intended merely as a restriction upon, or regulation of, the liquor-traffic privilege conferred by the license. See *ss.* 16–24. Hence the provisions of the section are restrictions upon the privilege granted under the act, and not a needless, partial prohibition of acts otherwise totally prohibited by general law. As no penalty was provided by the act, it is not probable that this

prosecution would have been instituted in this form, assuming that the respondent is not a licensee, except for an amendment adopted in 1905. Section 33 of the act—" Whoever, in a city or town wherein the provisions of this act are in force, shall sell or keep for sale liquor contrary to the provisions of this act, shall be punished "—was amended in 1905 (c. 49, s. 18) by inserting after the word " act " the following, " or whoever, in such city or town, shall deliver, or cause to be delivered, liquor to any person to whom the sale or delivery is forbidden by sections 15 and 27 of this chapter," thereby imposing the same punishment for the delivery of liquor to the persons proscribed by those sections, as was previously attached to a sale to them. This amendment did not extend the prohibition of section 15. As to licensees, it changed the penalty from that of section 28 to that of section 33. If section 15 was originally intended to apply to non-licensees, and the omission of a penalty from the act was a mistake, this amendment might be understood as intended as a correction of the error. But upon the grounds already suggested, and especially the concurrent enactment of section 8, chapter 122, Laws 1903, it seems clear that there was no mistake in this respect in the law of 1903. The original penalty of section 33 applies to sales by licensees contrary to the provisions of the act. State v. Corron, 73 N. H. 434, 447. Whether it properly applies to acts of any but licensees is not now in question; but it is to be observed that chapter 95, Laws 1903, nowhere prohibits the sale or keeping for sale of liquor by unlicensed persons. It prescribes under what terms it shall be lawful to engage in the sale of liquor (s. 31), leaving the prohibition of the general law to apply to all other cases. This understanding has been declared by chapter 117, Laws 1905, which defines as "no-license territory" all parts of the state except the premises actually occupied by licensees. This definition and the provisions of the chapter make clear the legislative understanding: that the prohibitory law is in force generally in license towns, except in so far as it is rendered inapplicable by the special license legislation.

In the case before the court, it is therefore not sufficient to allege that the city of Dover has accepted the provisions of the license statute, to fully and plainly set forth the crime charged. A further allegation is necessary to bring the case within the license statute. The acts relied upon to constitute the offence charged in this case may constitute an offence under section 8, chapter 122, Laws 1903; but the indictment is plainly intended to describe an offence punishable under section 18, chapter 49, Laws 1905. If the description of the person to whom the liquor is alleged to have been delivered, as one to whom the delivery of

liquor is forbidden by sections 15 and 27, chapter 95, Laws 1903, could be rejected as surplusage (*State* v. *LaRose*, 71 N. II. 435), the indictment by the use of the word "deliver" would still imply an attempt to inflict the punishment of section 18, chapter 49, Laws 1905; and, on the most favorable view for the state, it would be doubtful whether the respondent was charged under the license or the prohibitory statute, to the latter of which a less penalty is attached. Laws 1903, *c.* 122, *s.* 1; Laws 1905, *c.* 116, *s.* 1. The indictment would be bad for uncertainty. *State* v. *Leavitt*, 63 N. H. 381; *State* v. *Sherburne*, 58 N. II. 159.

*Demurrer sustained.*

All concurred.