Grafton,  ⎱
Nov. 4, 1908. ⎰

## STATE v. BEAN & a.

In an indictment for selling and delivering intoxicants to a minor, an allega-
   tion that the provisions of the statute regulating the sale of liquor were in
   force in the town where the offence was committed, and that the defend-
   ant was then and there a licensed dealer, is sufficient to show that the
   offence charged is a violation of the license law.

INDICTMENT, for selling one gallon of malt liquor to a minor.
The defendants moved to quash the indictment, and the questions
of law raised by the motion were transferred by *Pike*, J., from the
March term, 1908, of the superior court.

The indictment charged that the defendants, on October 1, 1907,
at Canaan in the county of Grafton, with force and arms, "not
being then and there an agent or agents of any town or city for
the purpose of selling spirit, and  .  .  .  being then and there
copartners,  .  .  .  and the provisions of chapter 95 of the ses-
sion laws of New Hampshire enacted in the year of our Lord one
thousand nine hundred and three, and amendments thereto, hav-
ing been duly accepted and being then and there in force in said
Canaan, and said copartners having then and there a third-class
license from the state board of license commissioners of the state
of New Hampshire for the purpose of selling liquor, and not hav-
ing then and there a license or other lawful authority to sell liquor
to a minor for any other person, did then and there unlawfully
sell to one Howard E. Martin for one Warren Chase a large quan-
tity of liquor, to wit, one gallon of malt liquor, he, the said Howard
E. Martin, being then and there a minor under the age of twenty-
one years and of, to wit, the age of seventeen years, contrary to
the form of the statute in such case made and provided, and
against the peace and dignity of the state." The second count
charged in the same language the unlawful delivery of liquor to
the minor for another.

*Marshall D. Cobleigh*, solicitor, for the state.

*John W. Kelley* and *George W. Stone*, for the defendants. The
indictment is bad for uncertainty. If the sale was made, it was
made in violation of chapter 112 of the Public Statutes and
amendments thereto, or it was made in violation of chapter 95,
Laws 1903, and amendments thereto, to which offences different
penalties attach. Laws 1903, c. 122; Laws 1903, c. 95, s. 33.
From a reading of the indictment it is impossible to tell which

law applies to the alleged offence. If it was intended to charge a violation of law by the defendants as licensees, the premises upon which they were authorized to sell, constituting license territory, should have been described with substantial conformity to the description of the same in the license, and the sale alleged to have been made on such premises. Laws 1905, c. 117, s. 1; *State* v. *Langdon*, 74 N. H. 50.

PARSONS, C. J.   The sale or delivery of liquor to a minor by a licensee is a violation of section 15, chapter 95, Laws 1903, as amended by section 9, chapter 49, Laws 1905, punishable under section 33, chapter 95, Laws 1903. Laws 1905, c. 49, s. 18; *State* v. *Langdon*, 74 N. H. 50; *State* v. *Kennard*, 74 N. H. 76; *State* v. *Kidder*, 74 N. H. 302. It is alleged that the law licensing the sale of liquor had been duly accepted (Laws 1903, c. 95, s. 31) and on the date of the offence charged was in force in the town of Canaan; that the defendants were then and there copartners in business, and, having then and there a license for the purpose of selling liquor, did then and there unlawfully sell (in the second count, deliver) liquor to a minor under the age of twenty-one years.

The allegations that the license law was in force in Canaan and that the defendants were then and there licensed to sell liquor are sufficient to make it plain that the offence charged is the violation of the special provisions of the license law by the defendants as licensees. *State* v. *Langdon*, 74 N. H. 50, 52; *State* v. *Roberts*, 74 N. H. 476, 479. If the state proves that, when and where they were licensees within the meaning of the act, the defendants in Canaan sold or delivered liquor as charged, the offence will be made out. It is not advisable to speculate upon possible questions that may or may not arise upon the evidence.

*Motion denied.*

All concurred.