Merrimack, March 5, 1940. } No. 3140.

STERLING CIDER CO., INC. *v.* WILLIAM H. JACKSON *& a.*

*McLane, Davis & Carleton* (*Mr. Carleton* orally), for the plaintiff.

*Thomas P. Cheney*, Attorney-General, and *Frank R. Kenison*, Assistant Attorney-General, for the defendants.

WOODBURY, J. The state prohibitory law (Laws 1917, *c.* 147, and Laws 1919, *c.* 99, subsequently combined and reënacted as P. L., *c.* 144), was amended, but not repealed, by Laws 1933, *c.* 99. This amending statute relaxed the earlier absolute ban upon the sale of all intoxicating liquors for beverage purposes by legalizing the sale of "beverages" which it defined, (see section one paragraph xv thereof), as "any beer, lager beer, ale, porter, wine, similar fermented malt or vinous liquor and fruit juices containing one per cent or more of alcohol by volume and not more than three and two-tenths per cent of alcohol by weight or four per cent of alcohol by volume at sixty degrees Fahrenheit." By later amendment, (Laws 1933, *c.* 189), the alcoholic content of the beverages permitted to be sold was raised to six per cent by volume in the event of the repeal of the eighteenth amendment to the Constitution of the United States and in the further event that this state should be one of those to vote in favor of such repeal. This chapter ninety-nine of the Laws of 1933 provided detailed regulations for the sale of the beverages which it legalized and created a Control Commission of three members appointed by the Governor with the advice and consent of the Council to administer its terms, grant licenses, etc.

In this statute, as in the earlier prohibitory ones mentioned above, no mention is made of cider as such, except that in the first State prohibitory act cited above (*s.* 19), provision was made "that a person may sell cider in any quantity not less than one barrel at a single sale." This provision with respect to cider was repealed by Laws 1919, *c.* 99, *s.* 3, and the law as thus amended appears in section twenty-two of chapter one hundred and forty-four of the Public Laws.

The most recent general enactment on the subject of intoxicating liquor (Laws of the Special Session of 1934, *c.* 3), specifically repealed the prohibitory law in full by its section forty-three, but that section with equal particularity repealed only certain sections of Laws 1933, *c.* 99.

The course of legislative regulation of sales of cider containing the percentage of alcohol in question is, then, briefly as follows: it was not prohibited in 1917 unless sold in quantities of less than a barrel at a single sale, but in 1919 its sale in any quantity was prohibited altogether. In 1933, it being a fruit juice, its sale was permitted under regulation and subject to the rulings of the Control Commission which the statute of that year established, if the eighteenth amendment to the Constitution of the United States should be repealed, and if this state should be one of those to vote in favor of repeal. These events having taken place, its legal sale under the

regulations of the act and subject to the control of the Commission followed and this situation still continues unless it has been altered by chapter three, section twenty-six of the laws of the special session of 1934, which reads as follows: "This chapter shall not apply to sales of cider containing not more than six per cent of alcohol by volume at sixty degrees Fahrenheit. Sale by manufacturers and farmers of cider containing more than six per cent of alcohol by volume at sixty degrees Fahrenheit may be made to the commission under such regulations and with such fees as said commission may prescribe and such cider may be shipped out of the state under such regulation and fees as the commission may prescribe."

The answer to the question propounded hinges upon the scope to be given to the exemption from regulation accorded to cider containing six per cent of alcohol by volume or less by the section of the statute quoted above. The defendants contend that the words "This chapter" as used in that section should be taken literally, and that so taken the exemption from regulation is limited to exemption from regulation under the provisions of the 1934 act only and in consequence the control given to the commission over sales of less than six per cent but over one per cent cider by the provisions of the law of 1933 is left unimpaired. To adopt this contention requires that the two statutes be considered as separate and distinct pieces of legislation and this we do not believe to have been the legislative intention. The later statute, although primarily concerned with the regulation of traffic in intoxicating liquor containing more than six per cent of alcohol, made important changes and modifications in the earlier one controlling the traffic in milder beverages. It abolished the Control Commission created by the earlier act and conferred upon the Liquor Commission which it created the powers over "beverages" which the old commission had exercised. It redefined "beverages." It provided machinery "for the proper prosecution of any violation of this act or of chapter 99 of the Laws of 1933," (s. 37), and it provided for the disposition of fines collected for violations of either statute. s. 38. In short the repeated references to chapter 99 of the Laws of 1933 in the 1934 act, and the way the terms of the later statute were made to dovetail with and supplement the provisions of the earlier one seem clearly to indicate that the legislature intended both acts to be construed together as a unit and so to provide a complete, integrated, well rounded system for the regulation and control of the sale of all intoxicating liquors.

Furthermore, the primary concern of the later statute was the regulation of the sale of intoxicating liquors containing over six per cent of alcohol, while that of the earlier one was the regulation of the sale of less ardent beverages. An exemption from regulation of sales of cider containing six per cent or less of alcohol limited to the provisions of a statute establishing detailed regulations for the sale of liquors with a higher alcoholic content is almost meaningless. Such an exemption becomes really meaningful only if applied to the statute regulating the sales of beverages of similar alcoholic content.

It is our conclusion, then, that to give the exemption substantial meaning and to effectuate the legislative purpose that the acts of 1933 and 1934 should be construed together as in effect one statute on the subject of the sale of intoxicants for beverage purposes, the words "This chapter" as used in section 26 of the later act should be given a somewhat broader meaning than might otherwise be required and under the peculiar circumstances here presented construed to include both enactments. In short, we consider it to have been the legislative intention that the sale of cider containing six per cent of alcohol or less should be free from control or regulation by the State.

Moreover the words "This chapter" may be strictly construed with the same result. As thus construed, section 26 provides, in effect that "This chapter", which confers upon the Liquor Commission the duties of the Control Commission (*s.* 43) and therefore requires the issuance of permits by the Liquor Commission for the sale of fruit juices, shall not apply to sales of cider.

The defendants' contention that this construction ought to be avoided because it will permit the sale of cider of a sufficiently high alcoholic content to be intoxicating to any person regardless of age or habit of temperance and at any time or place and that it will embarrass the Commission in controlling the liquor traffic presents a question of policy. As such it should be addressed to the legislative branch of the government, not to the judicial.

*Decree for the plaintiff.*

All concurred.