Hillsborough,
July 6, 1948. } No. 3759.

## Nashua Wholesale Grocers, Inc.

*v.*

## State Liquor Commission.

*J. Leonard Sweeney, Paul J. Doyle* and *Richard M. Ryan* (*Mr. Ryan* orally), for the plaintiff.

*Ernest R. D'Amours,* Attorney-General and *Gordon M. Tiffany,* Assistant Attorney-General (*Mr. Tiffany* orally), for the defendant.

KENISON, J. Laws 1947 *c.* 220 *s.* 3, inserted a new section (*s.* 69a) to the Spirituous Liquor and Beverage Act (R. L., *c.* 170) as follows: 69a. Prohibited Interests. Except as provided under section 69, no holder of a wholesaler's permit and no officer, director, stockholder, employee or agent of the holder of a wholesaler's permit shall through interlocking stock ownership, interlocking directors, or otherwise have an interest, either direct or indirect, in the business of the holder of an on-sale or off-sale permit. Nothing herein shall be construed to apply to normal credit relations between permittees as provided by law." The section is attacked as an unconstitutional discrimination against wholesale beverage permittees.

The legislative history and purpose of R. L., *c.* 170, and antecedent legislation has been analyzed in detail in *State* v. *Roberts,* 74 N. H. 476, and *Sterling Cider Co.* v. *Jackson,* 90 N. H. 541. In the latter case it was said that the Legislature intended "to provide a complete, integrated, well rounded system for the regulation and control of the sale of all intoxicating liquors." (*Id.* 543.) Toward that end regulations of the commission requiring certain licensees to furnish a key to its enforcement officers for more effective enforcement have been sustained against constitutional objections. *Manchester Press Club* v. *Commission,* 89 N. H. 442; *Pulaski Club* v. *Commission,* 89 N. H. 559. So too certain prohibitory features of the act have been construed in accordance with the intention of the Legislature, "though not within the letter" of the statute. *State* v. *Muscarello,* 92 N. H. 214, 215.

With certain limited exceptions not material here, the Legislature has provided that the three general classes of manufacturers, wholesalers and retailers of alcoholic beverages shall be separate and that no control, direct or indirect and no interest, financial or otherwise, shall be exercised by one over the other. The historic evils of the "tied house" (*State* v. *Zazzaro,* 128 Conn. 160) commercial bribery and financial domination by the producer or seller over the purchaser has been condemned by the Legislature. If a manufacturer or an importer "discontinues to sell beverages to holders of wholesale permits" because they sell other brands, the commission may suspend or re-

voke his certificate of approval. R. L., c. 170, s. 78, as amended by Laws 1947, c. 12, s. 1. Holders of certificates of approval and their agents are prohibited from having "an interest, either direct or indirect, in the business of the holder of a wholesaler's, on-sale or off-sale permit." Laws 1943, c. 197, s. 1. Neither a manufacturer nor a wholesaler may hold an on-sale permit. Section 69, as amended by Laws 1947, c. 220, s. 2.

This brings us to the disputed s. 69a which prevents any subsidization or indirect control by the wholesaler over the retailer. Its purpose is to keep them separate except for the limited right of a restricted off-sale permit as provided in s. 69. The plaintiff claims discrimination in part because the analogous provision (s. 78a) relating to a "holder of a certificate of approval" applies only to manufacturers located outside the state and does not include the resident manufacturer. Assuming plaintiffs' construction of s. 78a to be correct, this does not establish an invalid discrimination. The reason is that the section prohibiting commercial bribery also gives the commission authority to revoke a permit "if any manufacturer or wholesaler of beverages shall have any substantial financial interest, either direct or indirect, in the business of any other on-sale or off-sale permittee. . . ." S. 76. The legislative purpose to prevent control of retailers by either wholesalers or any manufacturer is clear. *Downer v. Liquor Control Commission* (Conn.) 59 A. (2d) 290. If ss. 78 and 78a are ambiguous as applied to the resident manufacturer the commission has adequate authority to prevent such a practice when it arises under s. 76. The State has greater control over a domestic manufacturer than a non-resident manufacturer. The scarcity of the former compared with the number of wholesalers and nonresident manufacturers affords an additional reason for their separate classification. The specific and more restrictive provisions of ss. 69a and 78a aimed at wholesalers and non-resident manufacturers thus have a rational basis as against the general and less restrictive provisions of s. 76 which include all wholesalers and any manufacturers, domestic or nonresident.

If the vice of the "tied house" has less application to the plaintiff and its members who are retail permittees, this presents a question of policy. "As such it should be addressed to the legislative branch of the government, not to the judicial." *Sterling Cider Co.* v. *Jackson*, 90 N. H. 541, 544.

No opinion can be expressed on the propriety of the issuance of the injunction, which has been in effect since October, 1947, since the

record does not disclose all the facts upon which it was granted. Usually such matters can be agreed upon by the parties pending a final determination as was done in *McIntire* v. *Borofsky, ante,* 174, *Warren Kay Vantine Studio* v. *Portsmouth, ante,* 171. See *Tirrell* v. *Johnston,* 86 N. H. 530, 532. In the absence of such a practice, the granting of injunctions is governed by *Musgrove* v. *Parker,* 84 N .H. 500.

*Injunction dissolved.*

DUNCAN, J., doubted that the disclosed relationship of the plaintiff to its stockholder members who operate retail outlets constitutes an interest in their business prohibited by R. L., *c.* 170, *s.* 69a, or a violation by it of any prohibition of that section: the others concurred.