Municipal Court of Amherst,
No. 4373.

## STATE *v.* CHARLES M. SMALL.

Argued January 4, 1955.

Decided January 19, 1955.

350

Louis C. Wyman, Attorney General and *Arthur E. Bean, Jr.,* Assistant Attorney General (*Mr. Bean* orally), for the State.

*Jerome L. Silverstein* (by brief and orally), for the defendant.

KENISON, C. J.   The motion to quash the complaint and warrant is based on the contention that the statute does not apply to the defendant.   The statute R. L., c. 170, s. 39, reads as follows: "SALES PROHIBITED.   No licensee, sales agent, *nor any other person,* shall sell or give away or cause or permit or procure to be sold, delivered or given away any liquor or beverage to a minor, to an habitual drunkard, to an insane person, to a person under the influence of liquor, or to any other person to whom any court, selectman of a town, chief of police, overseer of the poor or the commission shall prohibit sale.   In no case shall any section of this chapter be so construed as to permit the sale of liquor or beverages over a bar or in any so-called saloon or speak-easy." (Emphasis supplied.)

The defendant claims that the general phrase "nor any other person" must be restricted in meaning to the specific words that precede it such as licensees and sales agents.   This is a rule of statutory construction known as *ejusdem generis.*   "Where general words follow specific words in an enumeration describing the legal subject, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words."   2 Sutherland, Statutory Construction (3rd *ed.* Horack) s. 4909.   As an aid in determining legislative intent, the rule has been employed in this state (*Honnon* v. *Kerr,* 85 N. H. 386; *State* v. *N. H. Gas & Elec. Co.,* 86 N. H. 16) "unless a broader construction" is necessary to give effect to the legislative meaning. *Keene* v. *School District,* 89 N. H. 477, 481.   Since the defendant is not a licensee or a sales agent and did not act in any similar capacity, it is argued that the statute does not make it a crime for

individuals generally to sell or give away intoxicating liquor and beverages to minors.

It is well established that the rule of *ejusdem generis* is neither final nor exclusive and is always subject to the qualification that general words will not be used in a restricted sense if the act as a whole indicates a different legislative purpose in view of the objectives to be attained. 2 Sutherland, Statutory Construction, s. 4914. As a general rule the use of Latin phrases to solve problems of statutory construction has not been a marked success. "The reason for [a] rule is not clarified much by the Latin phrases in which it is sometimes clothed. They are rather restatements than explanations of the rule." *Standard Oil Co.* v. *Anderson*, 212 U. S. 215, 220. The crux of the matter is that the rule of *ejusdem generis* is only a constructionary crutch and not a judicial ukase in the ascertainment of legislative intention.

For more than a century the statutory regulation and control of intoxicating liquor and beverages has included prohibitions against the sale and delivery of such intoxicants to minors. See *State* v. *Roberts*, 74 N. H. 476; *State* v. *Bean*, 75 N. H. 122. Then, as now, minors may not serve or handle them (R. L., c. 170, s. 40) and as recently as 1951 it was made a crime for a minor to falsify his age to obtain intoxicating beverages. R. L., c. 170, s. 39 (a), as inserted by Laws 1951, c. 150. Chapter 170 has been construed as intended to provide a complete and well rounded system for the regulation and control of all intoxicating liquors. *Nashua Grocers* v. *State*, 95 N. H. 224. Likewise the prohibitory features of the act have been construed in accordance with the legislative intent even though expressed in awkward phraseology. *State* v. *Muscarello*, 92 N. H. 214. The only leak in this statutory dike has been a legislative indulgence toward the sale or delivery of cider which has not been enlarged in any other particular. *Sterling Cider Co.* v. *Jackson*, 90 N. H. 541, 544. Considering the history and purpose of chapter 170 as a whole, we conclude that the sale or delivery of an intoxicating beverage to a minor by the defendant or any other person is prohibited by R. L., c. 170, s. 39. Consequently we agree with the municipal court which refused to quash the complaint and warrant upon "the rather mundane view that the Legislature meant exactly what it said when it" provided that no other person shall give away beverage to a minor. Since sale or delivery of an intoxicating beverage to a minor is prohibited by R. L., c. 170, s. 39, this explains why the phrase "nor to

any minor" was stricken as unnecessary in R. L., *c*. 440, *s*. 19, by the Commissioners when codifying the Public Laws in 1941.

The motions to vacate bail and to reduce bail were properly denied. R. L., *c*. 425, *ss*. 13, 17. Since the offense was punishable by a fine of $500 or imprisonment for six months or both (R. L., *c*. 170, *s*. 48) bail of $300 was not excessive as a matter of law. See *Wilbur's Petition*, 64 N. H. 387.

While the municipal court had the power as a court of record to grant a change of venue, the record does not indicate that it abused its discretion in refusing to do so. *State* v. *Albee*, 61 N. H. 423; *Smith* v. *Tallman*, 87 N. H. 176. If it should now appear from evidence not before us that the defendant cannot obtain a fair trial, the motion may be renewed. *Hilliard* v. *Beattie*, 58 N. H. 112.

Defendant's alleged exception to ordering bail without hearing evidence as to probable cause is not a part of the reserved case and therefore has not been considered. If the reserved case does not reflect the true situation, the burden is on the excepting party to seek an amendment. *Doyle* v. *O'Dowd*, 85 N. H. 402.

· *Exceptions overruled.*

BLANDIN, J., did not sit: the others concurred.