Merrimack,
No. 4424.

NEW HAMPSHIRE WHOLESALE BEVERAGE ASSOCIATION & a.

*v.*

NEW HAMPSHIRE STATE LIQUOR COMMISSION & a.

Argued September 6, 1955.

Decided September 28, 1955.

6

*Tiffany & Osborne* and *Joseph Kovner* (*Mr. Tiffany* orally), for the plaintiffs.

*Louis C. Wyman*, Attorney General and *Warren E. Waters*, Deputy Attorney General (*Mr. Waters* orally), for the defendants.

GOODNOW, J. Taxpayers are legitimately concerned with the performance by public officers of their public duties. Their right to the preservation of an orderly and lawful government at the municipal level has been recognized as one which they may protect by injunctive relief, regardless of whether any loss to the municipality is shown or "whether [their purses are] immediately touched." *Clapp* v. *Jaffrey*, 97 N. H. 456, 461. No good reason appears why taxpayers should not possess a like right as to acts of public officers at the State level. See *Conway* v. *Water Resources Board*, 89 N. H. 346, 348.

The plaintiff corporation in this action is not alleged to be itself a taxpayer but only the representative of its unnamed taxpayer members. No separate issue has been raised as to whether a corporation may so represent its members (see *Textile Workers Union* v. *Textron*, 99 N. H. 385) and a decision on that question does not appear necessary. If the three plaintiffs who are individuals have no right as holders of off-sale permits to question the propriety of the issuing of permits to others to engage in the same business (*Clapp* v. *Jaffrey*, *supra*, 460), they are also alleged to be taxpayers of the state. As such, they are entitled to maintain an action for the determination of whether the defendants have acted within their authority as public officers.

The principal question presented by this case is concerned with the authority of the Commission under R. L., *c.* 170, in connection with the issuance of off-sale permits. Such permits authorize the permittee to sell certain alcoholic beverages "for consumption only

off the premises designated in the permit." *S.* 60. They may be issued "to individuals, partnerships, or corporations" (*s.* 58) but "only for grocery or drug stores not holding an on-sale permit." *S.* 60. The number of off-sale permits which the Commission is authorized to issue is limited by *s.* 76 which provides in part as follows: "No person shall directly or indirectly hold more than two off-sale permits at one time."

In applying this limitation to a corporation, the Commission has treated the corporation as a separate entity, without regard to whether the person or persons who own or control it are the owners or in control of other corporate off-sale permittees. The plaintiffs contend that the same person or group of persons have thereby been permitted to hold "directly or indirectly . . . more than two off-sale permits at one time" in violation of *s.* 76.

"The fiction that the corporation is a being independent of those who are associated as its stockholders is not favored in this state." *Bowditch* v. *Company,* 76 N. H. 351, 354; *Dow* v. *Northern Railroad,* 67 N. H. 1. It is to be disregarded "when justice demands it." *Lund Company* v. *Rolfe,* 93 N. H. 280, 283. In this case, it is not entitled to recognition as the basis for the issuance of off-sale permits if a means is thereby provided of avoiding a clear legislative purpose.

The defendants, relying on the fact that *s.* 58 specifically authorizes the issuance of off-sale permits to corporations and that the word "person" in the statute in question should be construed as "corporation" in accordance with *s.* 1 III, contend that the Legislature did not intend that the issuance of off-sale permits to a corporation should in any way depend upon the identity of its stockholders. They further urge that if such had been the legislative purpose, that fact could have been spelled out as it is in the prohibitions concerning interlocking stock ownership between the holder of a wholesaler's permit and the holder of an on-sale or off-sale permit (*s.* 69-a, as inserted by Laws 1947, *c.* 220, *s.* 3). We are unable to adopt this view of the Legislature's intention.

Chapter 170 has repeatedly been construed by this court as "intended to provide a complete and well rounded system for the regulation and control of all intoxicating liquors." *State* v. *Small,* 99 N. H. 349, 351. By its terms, manufacturers, wholesalers and retailers of alcoholic beverages are separated into classes and "no control, direct or indirect and no interest, financial or otherwise, shall be exercised by one over the other." *Nashua Grocers* v. *State,*

95 N. H. 224, 225. The statute now in question was designed to impose a similar regulation within one class of retailers.

The maximum number of off-sale permits is not only fixed at two but the limitation is to be applied so that "no person" shall hold more than that number either "directly or indirectly." By so limiting the number of off-sale permits we believe that the Legislature intended to prevent a concentration of such permits in the hands of the same persons. Not every case of interlocking stock ownership results in an indirect holding of an off-sale permit. Before the issuance of such permits to a corporation the facts must be determined by the Commission as to whether the person or persons owning or controlling the corporation are also the holders of other off-sale permits, either individually or as the owners or those in control of other corporate off-sale permittees.

The defendants' motion should be denied and a declaratory judgment and injunction consistent with opinions herein expressed should be entered.

*Remanded.*

All concurred.