Merrimack,
No. 6268.

GRANITE STATE GROCERS ASSOCIATION & a.

v.

STATE LIQUOR COMMISSION & a.

March 7, 1972.

*Perkins, Perkins & Douglas (Mr. Charles G. Douglas* orally) for the plaintiffs.

*Warren B. Rudman,* attorney general, *Thomas B. Wingate,* assistant attorney general (*Mr. Wingate* orally), for the defendants New Hampshire State Liquor Commission and its individual members.

*Goodwin, Procter & Hoar* (of Massachusetts) by brief for defendants Cumberland Farm stores; *Wiggin, Nourie, Sundeen, Pingree & Bigg* of counsel.

*Sheehan, Phinney, Bass & Green* (*Mr. William L. Phinney* orally) for the intervenor, First National Stores, Inc.

KENISON, C.J. The principal issue transferred in this case is whether the prohibition against any person holding more than two off-sale beverage permits (RSA 181:22) deprives chain stores of equal protection of the law in violation of the New Hampshire Constitution, part I, article 1.

This case arises out of a petition by Granite State Grocers Association, an association of independent grocers, and by George Gordon individually against the New Hampshire State Liquor Commission for a declaratory judgment that the commission had violated RSA 181:22 by issuing off-sale permits (allowing the sale of beer and fermented malt beverages for consumption off the premises) to ten Cumberland Farm stores. The Superior Court (*Keller,* J.) interpleaded these stores and allowed First National Stores, Inc., to intervene. First National Stores and Cumberland Farm stores all raise constitutional objections that the statute serves no rational public purpose. Additionally they contend that although on its face the statute apparently applies equally to all persons, it is actually class legislation intended to benefit the small grocer at the expense of the chain store. In advance of trial these constitutional issues were transferred without ruling to this court by *Flynn,* J.

The chain stores correctly point out that the constitutional question was not raised in *New Hampshire Wholesale Beverage Ass'n* v. *New Hampshire State Liquor Comm'n* (hereinafter *Beverage Ass'n*) 100 N.H. 5, 116 A.2d 885 (1955), which construed RSA 181:22. Thus, the statement there that the legislative

purpose in restricting off-sale permits was to prevent a concentration of such permits is not necessarily determinative here.

It is suggested that alcoholic beverages, at least in New Hampshire, are an economic commodity similar to cabbages and candlesticks. However, this court in *State* v. *Roberts,* 74 N.H. 476, 69 A. 722 (1908), although acknowledging that the sale of alcoholic beverages was lawful at common law, traced our continuous statutory history of either absolute prohibition or qualified prohibition with licensing from 1781. That this State today still regards alcohol as a thing apart, a commodity with a potential for social harm unlike cabbages and candlesticks, is confirmed by the present regulatory provisions of RSA chs. 175-182. *Carling Brewing Co.* v. *New Hampshire State Liquor Comm'n,* 102 N.H. 284, 155 A.2d 808 (1959).

RSA Title XIII on alcoholic beverages, which includes the section under consideration (RSA 181:22), has been consistently construed as a complete and well-rounded system of regulation. *Carling Brewing Co., supra* at 287, 155 A.2d at 811; *Beverage Ass'n, supra* at 7, 116 A.2d at 887; *State* v. *Small,* 99 N.H. 349, 351, 111 A.2d 201, 202 (1955); *Nashua Wholesale Grocers, Inc.* v. *State Liquor Comm'n* (hereinafter *Grocers*), 95 N.H. 224, 225, 60 A.2d 124, 125 (1948); *Sterling Cider Co.* v. *Jackson,* 90 N.H. 541, 543, 11 A.2d 814, 815 (1940).

The title on alcoholic beverages classifies alcoholic beverages as either liquor, more than six percent alcoholic content, or beverage, less than six percent. RSA 175:1. The title directly protects against certain social dangers, for example the requirement of purity (RSA 175:2) and the prohibition against sale to minors, drunkards, or insane persons (RSA 175:6). But the title also provides economic regulation of alcoholic beverages as a business. The State monopoly of liquor sales is the principal economic control. RSA ch. 177. The State also strictly controls the beverage business; advertising is restricted (RSA 175:10(supp.),11); a sales permit is required (RSA 181:2); who may hold a permit is restricted (RSA 181:9-a, 15, 15-a(supp.)); on-sale permits are restricted to restaurants, hotels, and clubs (RSA 181:4); off-sale permits

are restricted to grocery and drug stores not holding an on-sale permit (RSA 181:5); wholesalers are restricted to sales for resale only (RSA 181:9); a wholesaler is restricted to one on-sale and one off-sale permit for his business premises (RSA 181:14(supp.)); a wholesaler is prohibited from having any interest in the business of the holder of an on-sale or off-sale permit (RSA 181:21); a wholesaler is restricted from dealing with the holder of an on-sale or off-sale permit except in the sale of beverages (RSA 181:22); no person is allowed to hold more than two off-sale permits (RSA 181:22); business reports must be made to the liquor commission (RSA 181:23, 24(supp.)); the commission is authorized to make additional regulations (RSA 176:12 and 181:6). *See generally* The Joint Committee Of The States To Study Alcoholic Beverage Laws, Alcoholic Beverage Control (rev. 1960).

The obvious purpose of this well-rounded regulatory system is to supervise and to fractionalize the beverage industry. This purpose was approved in *Grocers,* which held constitutional the prohibition against a wholesaler having any interest in the business of the holder of an on-sale or off-sale permit (now RSA 181:21). Because limiting retailers to two off-sale permits has the same purpose, as was recognized in *Beverage Ass'n, supra* at 7-8, 116 A.2d at 887, *Grocers* is directly controlling here and the limitation does not violate our constitution. *H.P. Welch Co.* v. *State,* 89 N.H. 428, 199 A. 886 (1938).

The belief that concentration of control within the alcoholic beverage industry should be avoided is not unique to New Hampshire. At least twenty States similarly restrict the number of alcoholic beverage permits. Such statutes have been held constitutional as serving a public purpose in the two States where the question has been considered. *Safeway Stores, Inc.* v. *Nebraska Liquor Control Comm'n,* 179 Neb. 817, 140 N.W.2d 668 (1966); *Grand Union Co.* v. *Sills,* 43 N.J. 390, 204 A.2d 853 (1964). *See also Wilke & Holzheiser, Inc.* v. *Department of Alcoholic Beverage Control,* 65 Cal. 2d 349, 363-64, 420 P.2d 735, 744, 55 Cal. Rptr. 23 (1966); Hetherington, State Economic Regulation and Substantive Due Process of Law (part 2), 53 Nw. U.L. Rev. 226, 229-34 (1958).

The contention that the limitation on the number of alcoholic beverage permits that may be issued is void as class legislation is earnestly made and competently argued but we do not find it persuasive in the twentieth century. It is apparently conceded that *Grocers* was correctly decided and that the issue here is whether the limitation confers a public benefit, not whether it also incidentally confers a private benefit. *See Shirley* v. *New Hampshire Water Pollution Comm'n,* 100 N.H. 294, 124 A.2d 189 (1956). Regulations against concentration in the alcoholic beverage business necessarily discriminate against chain stores. *California Beer Wholesalers Ass'n* v. *Alcoholic B.C. Appeals Bd.,* 5 Cal. 3d 402, 407-08, 487 P.2d 745, 748-49, 96 Cal. Rptr. 297, 301 (1971). The decision in *Grocers* necessarily discriminated against the larger wholesalers in protecting the smaller retailer most liable to economic coercion. Discrimination based on size is not unconstitutional so long as it serves a bona fide public purpose. *Opinion of the Justices,* 108 N.H. 103, 107-09, 111, 229 A.2d 188, 192-93, 194 (1967). Moreover, the only evidence suggesting that the limitation was intended as class legislation is that the smaller grocers were pleased with it. That a law is popular is insufficient to make it unconstitutional. "[A] judiciary must judge by results, not by the varied factors which may have determined legislators' votes." *Daniel* v. *Family Security Life Ins. Co.,* 336 U.S. 220, 224, 93 L. Ed. 632, 636, 69 S. Ct. 550, 552 (1949). The legislative motives in enacting economic and trade regulations, particularly in the regulation of alcoholic beverages, may require less stringent scrutiny and justification than in other so-called personal rights decisions. *See* McCloskey, Economic Due Process and the Supreme Court: An Exhumantion and Reburial, 1962 Supreme Court Review 34; *cf.* Ely, Legislative and Administrative Motivation in Constitutional Law, 79 Yale L.J. 1205 (1970).

The parties raise other less significant constitutional claims which we likewise reject. A permit limitation would violate due process under the constitutional doctrine of the less-restrictive-alternative if there was a less restrictive, but equally effective, alternative way to accomplish the same governmental purpose. Even if that doctrine is' applicable to this case,

we see no such alternative here. Struve, The Less-Restrictive-Alternative Principle and Economic Due Process, 80 Harv. L. Rev. 1463, 1468-75 (1967). The limitation does not violate a person's right to possess property under our constitution, part I, article 2. *State* v. *Corron,* 73 N.H. 434, 62 A. 1044 (1905). It is not for this court, as we have consistently said, to determine the wisest choice for the number of permits allowable. *Opinion of the Justices,* 110 N.H. 359, 266 A.2d 823 (1970).

Our holding that RSA 181:22 satisfies our own constitutional requirements should serve to satisfy the fourteenth amendment of the United States Constitution (*Williamson* v. *Lee Optical Inc.,* 348 U.S. 483, 99 L. Ed. 563, 75 S. Ct. 461 (1955); Hetherington, *supra* (part 1), 53 Nw. U.L. Rev. 13, 20-31 (1958)) and also, in view of the twenty-first amendment, the commerce clause (*State Board of Equalization* v. *Young's Market Co.,* 299 U.S. 59, 81 L. Ed. 38, 57 S. Ct. 77 (1936); *Carling Brewing Co.,* v. *New Hampshire State Liquor Comm'n,* 102 N.H. 284, 155 A.2d 808 (1959); Note, The Evolving Scope of State Power Under the Twenty-First Amendment: The 1964 Liquor Cases, 19 Rutgers L. Rev. 759 (1965))).

*Remanded.*

All concurred.