ARTHUR B. POWERS, JR. & others *vs.* SIXTY BROADWAY, INC. & another.

Norfolk.    October 7, 1976. — November 3, 1976.

Present: HENNESSEY, C.J., REARDON, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Alcoholic Liquors,* License. *Evidence,* Relevancy and materiality. *Words,* "Combination of persons."

In an action under G. L. c. 139, § 16A, against the exercise of privileges by the defendant under a package store license on the ground that the defendant and four other corporations constituted a "combination of persons" prohibited by G. L. c. 138, § 15, from holding more than three liquor licenses, there was no abuse of discretion in admitting evidence with respect to various aspects of the ownership and control of the four family-owned corporations. [297-299]

---

A ruling by a Superior Court judge that defendants in an action under
G. L. c. 139, § 16A, constituted a "combination of persons" holding
more than three liquor licenses in violation of G. L. c. 138, § 15,
could be made without a finding of common management control.
[299-300]

CIVIL ACTION commenced in the Superior Court on July
11, 1974.

The case was heard by *Connolly, J.*

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Daniel H. Kelleher* for Sixty Broadway, Inc. (*Paul W.
Goodrich*, for Cornelius J. Murphy, with him).

*Howard M. Miller* for the plaintiffs.

*Evan T. Lawson & Howard J. Wayne*, for the Massa-
chusetts Beverage Association, amicus curiae, submitted
a brief.

BRAUCHER, J.     Twelve legal voters of the town of Nor-
wood sought and obtained an injunction under G. L. c. 139,
§ 16A, as appearing in St. 1973, c. 1114, § 12, against the
exercise of privileges by the defendant Sixty Broadway,
Inc. (the corporate defendant), under a package store
license. The defendants appealed, and we transferred the
case to this court on our own motion. A judge of the Su-
perior Court made detailed findings of fact and ruled that
Robert White, the owner of the corporate defendant, and
four other corporations constitute a "combination of per-
sons," prohibited by G. L. c. 138, § 15, from holding more
than three liquor licenses. The defendants contend that
that ruling was erroneous in the absence of a finding of
common management control. We hold that such a finding
is not required. Cf. *Cleary* v. *Cardullo's, Inc.*, 347 Mass.
337, 347-348 (1964). We affirm the judgment.

We summarize the judge's findings. In 1974 the package
store liquor license was transferred to the corporate defend-
ant, and the transfer was approved by the selectmen of
Norwood and the Alcoholic Beverages Control Commis-
sion. Robert White was to have the sole voting power in

the corporate defendant. His father had acquired three package stores in Roslindale, Medford and Newton, owned by three corporations. The stock in two is held by Robert White's father and mother as trustees for their four children; the stock in the third was given to the three children other than Robert White. Robert White owns and operates a fourth store in Quincy through a fourth corporation. He is sole trustee of a real estate trust formed by his father which holds title to the store premises in Medford and Quincy; the beneficiaries are the four children.

All the officers, directors and stockholders of the four corporations are members of the White family except for an attorney who is a director and the clerk of each of the four. Robert White had authority to sign checks for all four corporations until the authority was terminated in 1973 and 1974. He did substantial work for the Newton and Roslindale stores without compensation, but was paid substantially for services to the Medford store; and he borrowed $40,200 from the Medford store in 1973. Transactions among the four corporations, chiefly exchanges of liquor, involved substantial sums. They employ the same accounting firm, and had Blue Cross group insurance for their employees and a single fire and casualty policy. They all operated under the name "Atlas Liquors," carried a private brand named "Atlas," and advertised in the "yellow pages" of the telephone book under the heading "Distributors of Atlas Products."

The defendants sought to show that the litigation was financed by competing package store owners in the town of Norwood, that Robert White was a man of substantial means, that he alone controls the Quincy store, and that he has no control over the other three stores. The judge made no findings with respect to these matters. So far as appears the corporate defendant never commenced operations, and there is no finding connecting its operations with the operations of the other four corporations. There is no finding of common management control over it and the other four corporations.

Contrary to the defendants' contention, we hold that

there was no error in admitting evidence with respect to events prior to 1974 and with respect to the real estate trust of which Robert White was sole trustee. This evidence provided background against which the relations of the various members of the White family could be evaluated. It bore directly on their purpose and intent. See *Butts* v. *Tiffany*, 21 Pick. 95, 97-98 (1838). The judge was not bound to accept intra-family transactions at face value or as conducted at arm's-length. Cf. *Lexington Nursing Home, Inc.* v. *Rate Setting Comm'n*, 358 Mass. 601, 603 (1971). We find no abuse of discretion in inquiry into various aspects of common operation of the four corporations and into Robert White's participation therein. Cf. *Cleary* v. *Cardullo's, Inc.*, 347 Mass. 337, 348-350 (1964).

The defendants' principal contention is that a finding of common management control is essential to a ruling that there has been a violation of G. L. c. 138, § 15, as amended through St. 1935, c. 440, § 12: "No person, firm, corporation, association, or other combination of persons, directly or indirectly, or through any agent, employee, stockholder, officer or other person or any subsidiary whatsoever, shall be granted, in the aggregate, more than three such [package store] licenses in the commonwealth, or be granted more than one such license in a town or two in a city." Cf. *Granite State Grocers Ass'n* v. *State Liquor Comm'n*, 112 N.H. 62, 65 (1972); *New Hampshire Wholesale Beverage Ass'n* v. *New Hampshire State Liquor Comm'n*, 100 N.H. 5, 7-8 (1955); *Opinion of the Justices*, 368 Mass. 857, 864-865 (1975).

*Cleary* v. *Cardullo's, Inc.*, *supra*, is to the contrary. There a father owned stock in two corporations holding licenses to sell alcoholic beverages to be drunk on the premises, and G. L. c. 138, § 12, forbade, in language identical to that of § 15, the grant to him of a package store license. The father transferred his stock in a corporate package store licensee to his son, and the trial judge found that the father's "financial backing and support" for his son was "short of control," and did not violate § 12. *Id.* at 346. We reversed, saying that the grant of the license to

the corporate licensee was forbidden, "not only if it was in effect an agent of, or otherwise controlled by," the father, "but also if" the father, the corporate licensee, and the father's two corporations "constituted in effect a 'combination of persons' " within the meaning of § 12. *Id.* at 347. We said that we might have determined the issue ourselves on the record before us, but we thought it more appropriate to leave the issue to be decided by the trial judge in the light of our holding.

We stand by that decision, and apply it to § 15 as well as to § 12. Common management control is one way of violating § 15, but it is not the only way. Interlocking stockholders, directors and officers, family relationships, guidance, assistance and financial support, and joint activities warranted the judge's finding in the present case that there was a "combination of persons." A friend of the court urges us not to discourage package store licensees from achieving economies of scale through joint activities. We do not pass on any such issue, or on the effect of use of the same attorney and accountant, joint bookkeeping, group insurance, joint advertising, and use of a common trade name, where the licensees are otherwise independent. Cf. *J. & J. Enterprises, Inc.* v. *Martignetti,* 369 Mass. 535, 537-538 (1976).

*Judgment affirmed.*