Merrimack,
No. 4638.

INSTITUTE FOR TREND RESEARCH

*v.*

CHARLES GRIFFIN, *Director, Division of Employment Security.*

Argued February 4, 1958.

Decided March 20, 1958.

256

*Orr & Reno* and *John W. Barto* (*Mr. Barto* orally), for the plaintiff.

*Winslow H. Osborne, James M. Riley, Jr.* and *Edward F. Smith* (*Mr. Osborne* orally), for the defendant.

KENISON, C. J.   One of today's thorny problems is whether a government or a state should be subject to equitable estoppel when its tax officials seek to collect past taxes based on reversals of rulings that no taxes are due from taxpayers.   Atlas, The Doctrine of Estoppel in Tax Cases, 3 Tax Law Rev. 71, 87 (1947). The taxpayer received little comfort from the dictum of Mr. Justice Holmes:  "Men must turn square corners when they deal with the Government."   *Rock Island &c. R. R.* v. *United States,* 254 U. S. 141, 143.   If that is true, possibly a more cogent rejoinder has been suggested: "it is hard to see why the government should not be held to a like standard of rectangular rectitude when dealing with its citizens."   Maguire and Zimet, Hobson's Choice and Similar Practices in Federal Taxation, 48 Harv. L. Rev. 1281, 1299.   However, occasional attempts at judicial relief in this field (*Stockstrom* v. *Comm'r,* 190 F. 2d 283 (D. C. Cir. 1951) ) have been disapproved in recent cases.   *Automobile Club* v. *Comm'r,* 353 U. S. 180.   The present situation is that estoppel against the government on behalf of the taxpayer is ordinarily ineffective except to the extent that relief is given by the taxing statute.   10 Mertens, Law of Federal Income Taxation, *ss.* 60.14 and 60.15 (1958).

In New Hampshire the right of the citizen to raise estoppel against the State likewise has been unsuccessful. *State* v. *Hutchins*, 79 N. H. 132; *St. Regis Co.* v. *Board*, 92 N. H. 164, 169; *Ham* v. *Interstate Bridge Authority*, 92 N. H. 268; *Smith* v. *Epping*, 69 N. H. 558, 560; *State* v. *Cote*, 95 N. H. 428. Recent cases have adhered to this rule with one minor qualification. Where the equities weigh heavily in favor of the citizen or taxpayer, we have attempted to point out equitable solutions to the problem while at the same time adhering to the doctrine that the State is not bound by estoppel for the acts of its agents. *State* v. *Stafford Company*, 99 N. H. 92, 99, 100. In the present case there is no indication of bad faith or misrepresentation on the part of either the plaintiff or the defendant. However the plaintiff in the interests of fair play should be allowed to rely on the ruling that it was exempt under the Unemployment Compensation Act. While not determinative, it may be noted that the plaintiff's case was so meritorious that two trial courts would have given it relief. Presumably the Legislature realized that there could be cases where the retroactive application of tax liability would create an injustice. Consequently it provided that the defendant should have the power, with the approval of the Attorney General, to adjust such matters by compromise "for the best interests of the state." RSA 282:12(G). This statute applies to the contributions due as well as the interest thereon which accumulates at the rate of twelve per cent a year. While we uphold the defendant's contention that estoppel does not lie against the State, we believe this is an appropriate case wherein the provisions of the statute allowing a compromise should be invoked to provide an equitable solution. Berger, Estoppel Against the Government, 21 U. of Chi. L. Rev. 680, 707 (1954).

In the previous transfer of this case (*Institute for Trend Research* v. *Brown*, 100 N. H. 286) the sole issue litigated and decided was whether the plaintiff was exempt from the payment of unemployment compensation contributions as a scientific or educational corporation under RSA 282:1 (H) (4) (h). The decision in that case was not *res judicata* of the issues involved in this one. *Laconia Nat. Bank* v. *Lavallee*, 96 N. H. 353; *Lucas* v. *Cate*, 99 N. H. 134.

The Trial Court's ruling that the plaintiff did not seasonably plead the statute of limitations (RSA 282:12 D) under Superior Court Rule No. 21 is sustainable. *Yeaton* v. *Skillings*, 100 N. H.

316, 320; *LePage* v. *Company*, 97 N. H. 46, 50, 51. While the rule permits late filing of such a plea by leave of court, the Trial Court could properly find that justice did not require that such leave be granted in this case since the plaintiff was aware of the period for which taxes were claimed at the outset of the litigation.

*Remanded.*

WHEELER, J., did not sit; the others concurred.