Rockingham,
No. 5917.

WILLIAM COLLINS & a.

*v.*

DERRY & a.

Argued May 6, 1969.
Decided June 30, 1969.

*James A. Sayer, Jr.* (by brief and orally), for the plaintiffs.

*Grinnell & Bureau* (*Mr. Edward D. Bureau* orally), for defendant town of Derry.

PER CURIAM. This is an appeal under RSA 31:77 by thirteen property owners and voters of the town of Derry who are contesting the validity of certain amendments to the zoning ordinance purported to have been adopted at the annual town meeting March 14, 1967. There was a hearing before a master (Fred W. Hall, Jr., Esq.) who recommended that the action taken at the town meeting on the amendments be declared null and void because the notice of the second public hearing required by RSA 31:63-a (supp) (Laws 1965, 318:1) contained only the changes in the original proposal set forth in the notice for the first public hearing and did not contain all the amendments that were being proposed. The master's report was approved by *Leahy*, C. J. and the exceptions of all parties were reserved and transferred.

We hold that the proposed amendments included in the notice for the first hearing in which there has been no change need not be republished in the notice for the second public hearing and that the notice of the second hearing complied with the statute. No complaint is made regarding the notice of the first hearing which contained all the amendments then being proposed by the planning board.

Laws 1965, 318:1 (formerly RSA 31:63-a (supp)) in force at the time with which we are concerned required ". . . After the first public hearing the planning board shall consider all proposed amendments, and shall vote to accept or reject the amendments prior to the second public hearing. The notice of the second public hearing must contain the amendments accepted by the planning board . . . ."

Since the planning board had proposed all the amendments contained in the notice for first public hearing the "proposed amendments" which they were required to consider, accept, or reject must refer to changes proposed at the first public hearing. And the "amendments accepted by the . . . board" which must be included in the notice for the second hearing must refer to those changes proposed at the first hearing which were accepted by the board. This is made clear in the rewritten RSA 31:63-a (supp) which became effective August 21, 1967 (Laws 1967, 216:1) which reads in part "the notice of the second public hearing must include either the text or an adequate statement of *all changes in the proposed ordinance* or *amendments considered at the first hearing which were subsequently accepted* by the zoning commission or the planning board . . . ." [Emphasis supplied].

While this is not the language which was in effect at the time of the events with which we are concerned it is some evidence of legislative intent. See 50 Am. Jur., Statutes s. 337.

It is not for us to pass upon the wisdom of not requiring a republication of the proposed changes contained in the notice of the first hearing. We cannot say that a failure to republish in the notice of the second hearing those proposed amendments in which no change has been made after the first hearing constitutes a constitutionally inadequate notice.

All amendments to be acted upon, including a showing of how each section of the original ordinance was being changed, were printed in the town report and distributed to all voters. All the amendments to be acted upon and the zoning map were on file and copies were available at the office of the town clerk two weeks prior to the town meeting, as required by the statute. In addition, copies of the amendments to be voted on were posted in each polling booth and displayed in other places in the town hall. In our opinion there was compliance with the statute and the voters were given adequate notice of the proposals on which they were to vote. *Hecker* v. *McKernan*, 105 N. H. 195; *McKinney* v. *Riley*, 105 N. H. 249; *Bosse* v. *Portsmouth*, 107 N. H. 523. The defendants' exception is sustained.

In view of the length of the ballot, we cannot say, as contended by the plaintiffs, that the use of a separate ballot for the vote on forty questions instead of having them on the official ballot (Laws 1965, 318:1) affected the validity of the vote. The fact that boxes appeared in columns headed yes and no instead of each pair of boxes being so marked, and under the circumstances of this case the fact that an extra set of boxes appeared in a single instance beside one of the proposed amendments does not affect the validity of the vote.

Several of the amendments refer to specific parcels of property under the name of the owner. It is contended that this constitutes spot zoning. This contention was not included in the grounds for the original appeal and the master found that justice did not require that it be considered. In any event since each amendment was voted on separately the validity of these items would not affect the rest of the amendments.

In his original report the master found that the minutes of the meeting of the planning board held after the first hearing did not show specifically what amendments were voted on. On rehearing, however, he found on all the evidence that the board

had complied with the statute with respect to the amendments which were submitted at the second hearing and to the voters. The statute does not require that minutes of the meeting of the board be kept, and since the evidence supports the finding of the master the lack of precise records of the board does not invalidate the action taken at the town meeting.

*Defendants' exception sustained;*
*plaintiffs' exceptions overruled.*
*Appeal denied.*