Sullivan
No. 6633

### STATE OF NEW HAMPSHIRE v. HARRY L. VASHAW

November 30, 1973

*Warren B. Rudman,* attorney general, and *Roger G. Burlingame,* attorney *(Mr. Burlingame* orally), for the plaintiff.

*New Hampshire Legal Assistance (Mr. H. Neil Berkson),* by brief and orally, for the defendant.

KENISON, C.J. The sole question in this case is whether the use of motor vehicle convictions which occurred prior to the effective date of the New Hampshire Motor Vehicle Habitual Offenders Act, RSA ch. 262-B (Supp. 1972) to revoke the defendant's operator license pursuant to RSA 262-B:2 (1) (Supp. 1972) is violative of N.H. CONST. pt. I, art. 23 which forbids retrospective laws made for the decision of civil causes. The statute requires the license of a motor vehicle operator to be revoked for four years if he is convicted of three or more of the offenses listed in RSA 262-B:2 (I) within a ten-year period, provided the date of the offense most recently committed occurs after the effective date of the statute.

The defendant was convicted of driving while under the influence of intoxicants in violation of RSA 262-A:62 on two separate occasions prior to September 1, 1969, the effective date of the act. His license was revoked for these violations and was never restored. On July 21, 1972, he was convicted for driving without a license in violation of RSA 262:27-a (Supp. 1972). All three convictions were for offenses listed in the Motor Vehicle Habitual Offenders Act, and the State initiated a proceeding in equity on October 2, 1972, to revoke the defendant's license for the statutory period. The defendant filed a motion to dismiss on the grounds that the statute was unconstitutionally retrospective as applied to him. The Superior Court *(Grant,* J.) denied the motion, found against the defendant on the basis of recorded evidence and reserved and transferred the defendant's exception to the denial.

N.H. CONST. pt. I, art. 23 prohibits the enactment of any law which "'creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions ... already past....'"*Pepin v. Beaulieu,* 102 N.H. 84, 89, 151 A.2d 230, 235 (1959) (quoting *Woart v. Winnick,* 3 N.H. 473, 479 (1826)). The underlying policy of this prohibition is to

prevent the legislature from interfering with the expectations of persons as to the legal significance of their actions taken prior to the enactment of a law. 2 Sutherland, Statutory Construction 261 (4th ed. C. Sands 1973).

In this case the defendant was twice convicted for drunken driving before the effective date of RSA ch. 262-B (Supp. 1972) and had his license revoked for three years in order to protect the public from his demonstrated inability to drive safely. *See* RSA 262-A:62; *State v. Bowles,* 113 N.H. 571, 311 A.2d 300 (1973). The enactment of the Motor Vehicle Habitual Offenders Act did not defeat his expectations as to the legal effect of these violations because it did not augment the civil sanctions attached to them. *See Beazell v. Ohio,* 269 U.S. 167, 169, 70 L. Ed. 216, 217, 46 S. Ct. 68 (1925); *United States v. Casson,* 434 F.2d 415, 417 (D.C. Cir. 1970). Rather, the statute required a motor vehicle violation *after* the effective date in order to activate its provisions. The defendant was put on notice as to the legal effect of a third conviction and cannot claim that the statute is unjust or oppressive. *Barbieri v. Morris,* 315 S.W.2d 711 (Mo. Sup. Ct. 1958); *Cooley v. Texas Dep't of Pub. Safety,* 348 S.W.2d 267 (Tex. Civ. App. 1961); Annot., 9 A.L.R.3d 756, 760 (1966).

RSA ch. 262-B (Supp. 1972) specifically states that one of its policies is "to impose increased and added deprivation of the privilege to operate motor vehicles upon habitual offenders who have been convicted repeatedly of violations of traffic laws." RSA 262-B:1 III (Supp. 1972). Although the revocation of the license is effectuated at a separate legal proceeding from the third conviction, it is directly related to that conviction and is meted out not for the prior offenses, but rather for the repetition of such offenses subsequent to the passage of the act. *Marston v. Oliver,* 42 U.S.L.W. 2237 (4th Cir. Oct. 9, 1973); *Huffman v. Commonwealth,* 210 Va. 530, 532, 172 S.E.2d 788, 789 (1970); *see Cooper v. United States,* 114 F. Supp. 464, 465 (S.D.N.Y. 1953); 2 Sutherland, Statutory Construction §42.08 (4th ed. C. Sands 1973).

*Defendant's exception overruled.*

All concurred.