Merrimack
No. 6710

ORFORD SCHOOL DISTRICT

v.

STATE BOARD OF EDUCATION OF NEW HAMPSHIRE,
NEWELL PAIRE, SECRETARY OF THE BOARD OF EDUCATION & a.,
CLARENCE L. PUSHEE AND HAZEL B. PUSHEE, INTERVENORS

January 31, 1974

*Perkins, Douglas & Brock (Mr. Charles G. Douglas III* orally) for the plaintiff.

*Warren B. Rudman,* attorney general, and *Charles G. Cleaveland,* attorney (*Mr. Cleaveland* orally), for the defendant.

*Laurence F. Gardner* and *Karl W. Clauson (Mr. Clauson* orally) for the intervenors.

PER CURIAM. Petition for declaratory judgment requesting a clarification of whether the phrase "cost of tuition" in RSA 194:23-d (Supp. 1972), which obligates a school district to pay the cost of tuition for a resident student attending a comprehensive high school in another school district, refers to the actual cost of tuition or the New Hampshire average cost of tuition for a student in a comprehensive high school. Clarence and Hazel Pushee were permitted to intervene as party defendants because they had two children attending Oxbow High School in Bradford, Vermont pursuant to RSA 194:23-d (Supp. 1972) and the plaintiff refused to pay the children's tuition in excess of the state average. The intervenors filed a motion for a temporary injunction, which was denied after a hearing, to require the plaintiff to provide payment for their children's tuition. The intervenors also filed a motion to dismiss on the grounds that the plaintiff has failed to state a cause of action. *Johnson,* J., reserved and transferred this motion without ruling together with the intervenors' exception to the denial of the temporary injunction.

The source of this litigation stems from a letter, dated February 4, 1969, from Arthur N. Pierce, superintendent of schools in the Dresden School District, to Newell J. Paire, commissioner of education, requesting a clarification of the phrase "cost of tuition" in RSA 194:23-d (Supp. 1972). This statute reads in part that: "A school district or a cooperative school district maintaining an approved high school [defined in RSA 194:23] shall also, in order to qualify for such state financial aid, appropriate sufficient

funds to meet the *cost of tuition* for such high school pupils as reside in its school district as desire to attend an approved comprehensive high school [defined in RSA 194:23-a] in this state or in a bordering state due to the fact that such approved comprehensive high school offers courses better suited to the needs and capabilities of said pupils" (emphasis added). Mr. Pierce stated that some school districts interpreted the italicized phrase to refer to the actual cost of tuition for a resident student attending a comprehensive school in another district while other districts have interpreted it to refer to the state average cost of tuition for a student attending such a school. The effect of the latter interpretation was to force the parents of the student to make up the difference if the tuition were in excess of the state average. It was Mr. Pierce's understanding that the attorney general had been asked to resolve these conflicting interpretations, and he inquired as to the outcome.

On December 8, 1969, the commissioner replied that the department of education interpreted the phrase to mean the state average cost of tuition. He indicated that this conclusion was based on its construction of the language of a sister statute, RSA 194:27, which specifically provided that school districts not maintaining high schools were liable for the "state average cost per pupil of the current expenses of operation of all public high schools" for resident students attending high schools in other districts.

On January 6, 1971, however, the commissioner notified Mr. Pierce by letter that the department of education had reexamined its interpretation of RSA 194:23-d (Supp. 1972) and now viewed the phrase to refer to the actual cost of tuition. He suggested that the reason for this shift was that the department had concluded that RSA 194:23-d (Supp. 1972) and RSA 194:27 should not be given the same construction because of the differences in their language. On June 18, 1971, Mr. Pierce informed the commissioner by letter that the Orford School Board had voted to submit the department of education's interpretation of RSA 194:23-d (Supp. 1972) to the State board of education for review. On October 20, 1971, the State

board of education took action on the requested review and voted to uphold the department's construction of "cost of tuition", relying on an opinion of the attorney general's office, dated September 8, 1971, which endorsed the department's position. The plaintiff school district then petitioned for the present declaratory judgment.

The plaintiff basically contends that the phrase "cost of tuition" in RSA 194:23-d (Supp. 1972) should be interpreted to mean the state average cost of tuition for two reasons. First, it points to other statutes, dealing with the transfer of students from the schools of one district to another, which specifically refer to the state average cost, and argues that the phrase "cost of tuition" is ambiguous and should be construed in a manner consistent with these other statutes. Second, it calls attention to the fact that the department of education had so interpreted the statute from 1962 until 1971 and asserts that the construction placed on a statute by an agency charged with the execution should be entitled to great weight.

We believe that the plaintiff has misconstrued the intention of the legislature in reference to the phrase "cost of tuition". Where the legislature has intended to impose liability in the amount of the state average cost of tuition, it has expressly so stated in the statutes. *See* RSA 193:4 (elementary or junior high school students); RSA 193:4-a (Supp. 1972) (students in a dual enrollment plan); Laws 1973, 385:1 (patients or inmates); Laws 1973, ch. 588 (handicapped children). RSA 194:23-d (Supp. 1972) makes no such reference, and since the legislature utilized the phrase "cost of tuition" without qualification, we cannot assume that it meant anything other than actual cost of tuition. *See Londonderry v. Faucher,* 112 N.H. 454, 457, 299 A.2d 581, 583 (1972); *Public Service Co. v. State,* 101 N.H. 154, 163, 136 A.2d 600, 607 (1957); 2A Sutherland, Statutory Construction §§ 45.02, 46.01, 46.04, 51.01 (C. Sands ed. 1973). This interpretation is bolstered by the fact that the legislature recently revised the related statute, RSA 194:27, to impose liability on a school district not maintaining a high school in the amount of the actual cost

of tuition, Laws 1973, ch. 299, thus treating the two types of school districts in a similar fashion. *See Roy v. Transairco, Inc.;* 112 N.H. 171, 174, 291 A.2d 605, 607 (1972); *Collins v. Derry,* 109 N.H. 470, 472, 256 A.2d 654, 655 (1969).

The importance that the defendant wishes to attach to the department of education's earlier interpretation of the phrase "cost of tuition" is substantially undermined by the fact that the department did not authoritatively construe the phrase prior to December 8, 1969, and altered its interpretation when it became aware of the differences between RSA 194:23-d (Supp. 1972) and RSA 194:27. In fact, the record reveals that although the plaintiff is the only school district presently within the ambit of RSA 194: 23-d (Supp. 1972), all the other school districts under the statute in the past have paid the actual cost of tuition. Since the plaintiff has not been prejudiced or unfairly treated by the new interpretation, it would be inappropriate for this court to estop the department from correcting its erroneous interpretation of the phrase "cost of tuition". *See Institute for Trend Research v. Griffin,* 101 N.H. 255, 257, 139 A.2d 628, 629 (1958); F. Cooper, State Administrative Law 506-08, 523-25 (1965); K. Davis, Administrative Law Text § 17.01-.06 (3d ed. 1972); N. Edwards, The Courts And The Public Schools 534-38 (3d ed. 1971). Otherwise, the plaintiff would receive a windfall which was not contemplated under the statute and would operate to the detriment of parents who wished to provide their children with a more complete education by forcing them to pay the difference from their own pockets.

Accordingly, we hold that the plaintiff is liable for the actual cost of tuition for students attending schools in other districts pursuant to RSA 194:23-d (Supp. 1972).

*Remanded.*