Merrimack
No. 6759

LEONARD HAYES

v.

PAUL G. LeBLANC
AND AMERICAN FIDELITY FIRE INSURANCE COMPANY

February 28, 1974

*Upton, Sanders & Upton, Ernest T. Smith III,* and *John Teague (Mr. Teague* orally) for the plaintiff.

*Sulloway, Hollis, Godfrey & Soden* and *Michael M. Ransmeier (Mr. Ransmeier* orally) for the defendant American Fidelity Fire Insurance Company.

*Nighswander, Lord, Martin & KillKelley* and *Bradley F. Kidder* waived brief and oral argument for the defendant Paul G. LeBlanc.

Kenison, C.J. Petition for declaratory judgment to determine whether the 1969 amendment (Laws 1969, ch. 316) to the motor vehicle financial responsibility law (RSA 268:19), raising the minimum requirement to $15,000 per person/$30,000 per accident, increased the limits on policies issued before the effective date of the amendment. An agreed statement of facts was filed, and after a hearing by *Mullavey*, J., the above question of law was reserved and transferred without ruling.

On April 9, 1969, the defendant insurance company issued to defendant LeBlanc an automobile liability policy which provided the minimum $10,000 per person/$20,000 per accident required by RSA 268:19 for a period extending from that date to April 9, 1970. On June 30, 1969, the legislature enacted an amendment which raised the minimum limits to $15,000 per person/$30,000 per accident, effective January 1, 1970. Laws 1969, 316:5. The New Hampshire Insurance Department mailed Bulletin 2-69 in August 1969 to all insurance companies licensed to do business in the State, giving notice that "all motor vehicle liability policies ... shall be interpreted to afford or endorsed to provide" the amended limits as of the effective date. On January 16, 1970, a truck owned by the defendant LeBlanc struck and injured the plaintiff as a pedestrian in Franklin, New Hampshire.

The plaintiff contends that he is entitled to the full statutory coverage of $15,000 for his injuries, even though defendant LeBlanc's policy only provides $10,000. He argues that under the provisions of RSA ch. 268 a motor vehicle liability insurance policy must incorporate the minimum limits established by law, and since the amendment altered these limits, the coverage of the policy must be increased to conform with them.

The defendant insurance company takes the position that since the amendment did not specify what effect it would have on existing policies, a presumption of prospective operation was created under principles of statutory construction. In its view RSA 268:15 (Supp. 1973) bolsters this presumption by stating that "No motor vehicle policy ... shall be issued or delivered in this state ... unless ...

the insurance commissioner shall have approved in writing the form of the policy . . . ." because a policy "issued or delivered" prior to the amendment would not require subsequent approval under this section. *See also* RSA 268:18. In the alternative, however, the defendant contends that if the amendment is construed to apply to existing insurance policies, its contract rights would be impaired in violation of U.S. CONST. art. I, § 10 and N.H. CONST. pt. I, art. 23 on the ground that the coverage of the policy would be increased by fifty per cent without a corresponding adjustment in rates.

We agree with the defendant that, as a general rule of construction, a presumption exists which favors the prospective operation of provisions added to an existing law by an amendment affecting contract rights. *See Keating v. Gilsum,* 100 N.H. 84, 87, 119 A.2d 344, 346 (1956). However, this presumption is not controlling where the language of the amendment or surrounding circumstances express a contrary legislative intent. *Pepin v. Beaulieu,* 102 N.H. 84, 89, 151 A.2d 230, 235 (1959); 1 A. Sutherland, Statutory Construction §§ 22.35-.36 (4th ed. C. Sands 1972).

In this case, the legislature stated that the effective date of the amendment was January 1, 1970. While no mention was made as to its effect on existing contracts, it is instructive to note that when the legislature previously raised the minimum requirements from $5,000 per person/ $10,000 per accident to $10,000 per person/$20,000 per accident in 1955, it expressly declared that the amendment was to operate prospectively. Laws 1955, 76:6. In view of the legislature's approach in that instance, the conspicuous absence of such qualifying language in the 1969 amendment suggests an intent to alter the minimum requirement with respect to all contracts whether made before or after January 1, 1970. *Orford School Dist. v. State Bd. of Educ.,* 114 N.H. 60, 314 A.2d 665 (1974); *Londonderry v. Faucher,* 112 N.H. 454, 457, 299 A.2d 581, 583 (1972); *Plymouth School Dist. v. State Bd. of Educ.,* 112 N.H. 74, 77, 289 A.2d 73, 75 (1972). This interpretation is reinforced by the fact that the legislature again increased the minimum

motor vehicle insurance to $20,000 per person/$40,000 per accident effective January 1, 1972, *without* the use of qualifying language. Laws 1971, 456:14. The defendant's position is not aided by the phrase "issued or delivered" in RSA 268:15 (Supp. 1973). *See State v. Burroughs,* 113 N.H. 21, 25, 300 A.2d 315, 317 (1973). Such language is used to limit the commissioner's authority to the regulation of insurance companies doing business in New Hampshire, not to restrict his authority in reference to existing contracts. Thus, in our view the legislature intended the amendment to apply to all contracts on January 1, 1970.

We do not believe the defendant's constitutional rights are violated by such a construction. Although U.S. CONST. art. I, § 10 prohibits a State from passing laws impairing the obligation of contracts, it is not an absolute bar to governmental regulation. The Supreme Court of the United States has recognized that this limitation must yield where it is reasonable for State government to regulate activities in the exercise of the police power. *El Paso v. Simmons,* 379 U.S. 497, 508-09 (1965); *Home Building & Loan Ass'n v. Blaisdell,* 290 U.S. 398, 428 (1934); 2 A. Sutherland, Statutory Construction 41.07 (4th ed. C. Sands 1973). This principle is also applicable to the general prohibition in N.H. CONST. pt. I, art. 23 against retrospective laws. *See Pepin v. Beaulieu,* 102 N.H. 84, 89, 151 A.2d 230, 235 (1959); *Woart v. Winnick,* 3 N.H. 473, 479 (1826). This prohibition was not intended to prevent the legislature from amending laws which regulate contracts in the public interest where such laws have proven inadequate to accomplish their task. *See East New York Sav. Bank v. Hahn,* 326 U.S. 230, 232 (1945).

The legislature has established broad regulatory authority with respect to automobile liability insurance contracts. RSA 268:15 (Supp. 1973) requires the commissioner's approval of the policy forms and states each policy must contain "an agreement that insurance is provided in accordance with and subject to the provisions of this chapter." RSA 268:18 further provides that the insurance commissioner "may, from time to time as he may find the public good requires, change the form and provisions in

policies, indorsement and binders and the terms and conditions thereof." These sections clearly imply that changes in the law may be incorporated into existing policies if the legislature or the commissioner deem them in the public interest.

The legislature determined that a minimum of $15,000 per person/$30,000 per accident insurance coverage was necessary to protect the public from the high medical costs of treating injuries resulting from automobile accidents. *Hartford Ind. Co. v. Wolbarst,* 95 N.H. 40, 43, 57 A.2d 151, 153 (1948). Accordingly, it amended the existing law, not for the purpose of altering contracts in favor of one party over another, but to provide adequate protection for the unfortunate victims of automobile accidents, and this requires a retrospective operation because any delay in effectuating its beneficial purpose would operate to the detriment of the general public. *See Milwaukee Ins. Co. v. Morrill,* 100 N.H. 239, 241, 123 A.2d 163, 165 (1956). Under these circumstances, there is no violation of the defendant's constitutional rights because RSA ch. 268 subjects contracts executed thereunder to changes in the law. Since adequate notice was given to the insurance companies by the commissioner, they could have applied for rate increases to meet any additional costs associated with the new coverage. *See* RSA 412:14-15.

*So ordered.*

All concurred.