Grafton
Nos. 7699 & 7700

ROD ALEXANDER & a.

v.

ORFORD SCHOOL DISTRICT

FORREST BUNTEN & a.

v.

SAME

August 1, 1977

642

*Gardner & Clauson* (*Mr. K. William Clauson* orally), for the plaintiffs.

*Perkins, Upshall & Robinson* (*Mr. Frederick E. Upshall, Jr.* orally), for the defendant.

*David H. Souter,* attorney general, and *James C. Sargent, Jr.,* assistant attorney general (*Mr. Sargent* orally), for the State of New Hampshire, third party defendant.

LAMPRON, J. Actions by present and former residents of the town of Orford seeking to recover from the Orford School District that part of the "cost of tuition" for their children which they paid to a comprehensive high school in another district which this court decided should have been paid in full by the defendant. RSA 194:23-d (Supp. 1975); *Orford School Dist. v. State Bd. of Educ.*, 114 N.H. 60, 63, 314 A.2d 665, 667 (1974). Plaintiffs seek reimbursements amounting to approximately $16,000.00 for the school years 1965–1966 through 1973–1974.

The Alexander plaintiffs brought their actions on February 26, 1973. The Bunten plaintiffs initiated their actions on March 13, 1974. All plaintiffs filed motions for summary judgments with supporting affidavits. RSA 491:8-a (Supp. 1975). Orford filed contradictory affidavits in opposition. It also filed motions to consolidate plaintiffs' actions and to join, as a third party defendant, the commissioner of education for the State of New Hampshire in his official capacity. The actions were consolidated and the state was joined as a third party defendant. The state then filed a motion to dismiss the action against it on the basis of sovereign immunity. Orford also filed a motion to dismiss plaintiffs' actions on, among other grounds, their failure to exhaust their administrative remedies under RSA 186:5 and RSA 186:11 II, the statute of limitations, and equitable considerations.

After hearings, *Johnson, J.*, reserved and transferred to this court, without rulings, all questions of law raised by the above pleadings. The main issues on this appeal are whether plaintiffs can recover against Orford, and if they do, whether Orford can obtain reimbursement from the State of New Hampshire.

During the periods in question Orford operated an approved high school but not an approved comprehensive high school. *See* RSA 194:23, 23-a (Supp. 1975). In order to qualify for state financial aid, which it received, Orford was required to "appropriate sufficient funds to meet the *cost of tuition* for such high school pupils as reside in its school district as desire to attend an approved comprehensive high school in this state or in a bordering state." RSA 194:23-d (Supp. 1975) (emphasis added). However, until July 1, 1974, a district which did not maintain any high school was obligated, under RSA 194:27, to pay for its students who attend a public high school or academy in another district *"the state average cost per pupil* of the current expenses of operation of all public high schools." (Emphasis added.)

On February 4, 1969, Arthur Pierce, superintendent of schools for the district which includes Orford had written to Newell Paire, state commissioner of education, requesting a clarification of the phrase "cost of tuition" in RSA 194:23-d (Supp. 1975). The reason for his request was that he understood some districts interpreted "cost of tuition" as meaning the *actual cost of tuition* for the receiving school while other districts interpreted it to mean the *New Hampshire state average tuition.* (Emphasis added.)

On December 8, 1969, Paire answered that the interpretation of the department of education was that Orford is liable to pay *"the average per pupil cost . . .* any cost that is greater than the average per pupil cost is not a liability of the district." (Emphasis added.) However, Pierce later received a copy of a letter from Paire to a parent in Orford, dated April 8, 1971, stating that after study of the issue the department now considered the "cost of tuition", RSA 194:23-d (Supp. 1975), to mean, in the instance of Orford, *"the full tuition"* charged by the school attended. On October 20, 1971, the state board of education upheld the department's latest interpretation and counsel for Orford was so notified. This interpretation was upheld by this court on January 31, 1974. *Orford School Dist. v. State Bd. of Educ.,* 114 N.H. 60, 63, 314 A.2d 665, 667 (1974).

The pivotal issue on this appeal is whether the above decision is to be applied prospectively only. In that eventuality Orford would be responsible to pay the plaintiffs only the amount of tuition which they have paid after January 31, 1974, to the schools attended by their children outside the district. Most, if not all, of the other issues raised would then become moot. *Bedford v. Lynch,* 113 N.H. 364, 308 A.2d 522 (1973). Certain factors are to be considered in deciding whether a decision should be applied prospectively only or be given retroactive application. *See Merrill v. Manchester,* 114 N.H. 722, 730, 332 A.2d 378, 382 (1974); *Hampton Nat'l Bank v. Desjardins,* 114 N.H. 68, 73–75, 314 A.2d 654, 657–58 (1974); *Madbury v. Durham,* 108 N.H. 474, 240 A.2d 760 (1968).

In *Desjardins* this court pointed out that under common law, "court opinions operated retroactively, for in saying what the law is they were saying what the law always was." *Hampton Nat'l Bank v. Desjardins,* 114 N.H. 68, 73, 314 A.2d 654, 657 (1974). This court, however, has applied its opinions prospectively whenever it has thought justice to be better served by doing so. *Madbury v. Durham,* 108 N.H. 474, 240 A.2d 760 (1968). In the *Des-*

*jardins* case we adverted to the three separate factors that the Supreme Court of the United States considers in determining that a federal holding in a civil case will not be applied retroactively. 114 N.H. at 75, 314 A.2d at 658.

The first factor is: "The holding establishes a new principle of law by overruling clear past precedent on which litigants relied or by deciding an issue that was not clearly foreshadowed." The record in this case plainly shows that there was a conflict in school districts and in the state board of education itself as to the meaning of the "cost of tuition" in RSA 194:23-d (Supp. 1975). "In fact, the record reveals that although the plaintiff is the only school district within the ambit of RSA 194:23-d . . . all the other school districts under the statute in the past have paid the actual cost of tuition." *Orford School Dist. v. State Bd. of Educ.*, 114 N.H. 60, 64, 314 A.2d 665, 668 (1974). It can properly be concluded therefrom that this court's decision interpreting "cost of tuition" did not overrule a "clear past precedent on which litigants relied." Whether or not it decided "an issue that was not clearly foreshadowed" is at best problematical.

The second factor is whether "the merits of the case, from the perspective of history of the rule in question, the purpose and effect of the rule, and the effect of its retroactive application, requires nonretroactive application of the holding." Under the circumstances of this case we are of the opinion that this factor should be considered with the third which requires consideration of "the inequitable results [which] would ensue from retroactive application." *See Chevron Oil Co. v. Huson*, 404 U.S. 97, 106 (1971).

There is uncontradicted evidence in the record by Pierce, the superintendent of the school district, that Orford established an escrow account in its school budget in which was placed funds estimated to be necessary to cover the difference between actual cost of tuition and the state average cost in case the former was held to be its obligation. This was done for the years 1971–1972 forward. However, there is evidence that the amount of $2,281.00 needed for that purpose for the school year 1970–1971 was carried forward as an obligation to be paid in the 1971–1972 fiscal year if necessary. If that amount was in fact raised by taxation it becomes part of the escrowed years. Otherwise it does not.

■ For the escrowed years, the situation differs significantly from that which prevailed in *Madbury v. Durham*, 108 N.H. 474, 240 A.2d 760 (1968), on which Orford relies heavily in its advocacy of a prospective application only of *Orford School District v. State Board of Education*, 114 N.H. 60, 314 A.2d 665 (1974). Unlike *Madbury* the moneys to be paid to the plaintiffs for those years were contributed by the taxpayers who should have paid them in the years in question. Hence the burden will not "fall upon a far different body of taxpayers . . . than which existed during the years in question" *Madbury v. Durham*, 108 N.H. at 479, 240 A.2d at 763. Similarly in the present case the payments will go to the very persons who made them and not "to far different bodies of taxpayers" who should not be entitled to them. We hold therefore that the *Orford School District* decision should be applied retroactively as to the fiscal years in which the school district escrowed funds. For the equitable principles on which the *Madbury* decision was based we hold that the decision shall have no retroactive application to the preceding years. *Hampton Nat'l Bank v. Desjardins*, 114 N.H. 68, 314 A.2d 654 (1974).

■ Orford joined the State of New Hampshire as a third party defendant on the ground that it should reimburse Orford for payments it will have to make to plaintiffs. Its claim is based on an implied contract between the parties under RSA 491:8. Assuming *arguendo* that such a contract of indemnification were found, it would not create an obligation to reimburse Orford for moneys which it has raised from its own taxpayers for the very purpose we hold it legally obligated to pay plaintiffs. Orford will not suffer any damage as it is in the same position it would have been if RSA 194:23-d (Supp. 1975) had been properly interpreted during the years in question. We hold that the state's motion to dismiss should be granted.

We further hold that it is unnecessary to consider any of the other issues raised by the parties on this transfer. We remand the matter to the superior court for action in accordance with this opinion.

*Remanded.*

DOUGLAS, J., did not sit; the others concurred.