Plaistow District Court
No. 79-183

## THE STATE OF NEW HAMPSHIRE

v.

## GILBERT A. LAMBERT

December 12, 1979

*Thomas D. Rath*, attorney general (*James E. Townsend*, assistant attorney general, orally), for the State.

*John P. Shyavitz*, of Haverhill, Massachusetts, and *James Flemming*, of Plaistow (*Mr. Shyavitz* orally), for the defendant.

BOIS, J.   This interlocutory appeal, transferred by the Plaistow District Court (*Andernacht*, J.), requires us to determine whether N.H. Laws 1979, ch. 413, a newly enacted statute regulating the hours of operation of bottle clubs, is constitutional. We find the statute valid and remand for trial.

Defendant is the owner of a bottle club established in 1976 which operated from midnight to five a.m. on Fridays, Saturdays and "special occasions." Although providing the facilities and serving mixers for alcoholic drinks, defendant does not sell or hold for sale alcoholic beverages. The hours of operation of defendant's club were not subject to direct regulation until the passage of N.H. Laws 1979, ch. 413 (RSA 175:1 VI, RSA 175:3-b) (effective date June 23, 1979).

Defendant was arrested for operating his bottle club at 2:00 a.m. on July 22, 1979, in contravention of RSA 175:3-b.

N.H. Laws 1979, ch. 413 provides in pertinent part as follows:

413:1 Definition of Bottle Club. Amend RSA 175:1 by inserting after paragraph V the following new paragraph:

VI. "Bottle club," a premise or establishment for social or recreational activities where members, guests or the general public provide their own liquor or beverages or both, where no liquor or beverages are sold on the premises, and where such members, guests or the general public engage in the drinking of liquor or beverages or both for a fee or any consideration, including any admission charge, dues or charges for food or mixers or other fluids used with alcoholic drinks or the storage of liquor or beverages, or both.

413:2 Limitation on Hours. Amend RSA 175 by inserting after section 3-a the following new section:

175:3-b Limitation on Bottle Club Hours. No bottle club shall be operated or maintained after the hours fixed for.the sale of beverages by permittees under regulations promulgated pursuant to RSA 181:6. Any person who violates the provisions of this section shall be guilty of a misdemeanor.

Pursuant to RSA 181:6, the liquor commission has established the hours between which permittees may sell beverages as 6:00 a.m. to 12:45 a.m. on weekdays, and 12:00 noon to 11:45 p.m. on Sundays. N.H. Laws and Regs. Relative to the Sale of Liquors, Beer and Wines, Gen. Reg. 10 (1972).

Defendant argues that N.H. Laws 1979, ch. 413 is an invalid enactment, and constitutes a taking without due process. The authority of a state to regulate alcoholic beverages in the exercise of its police powers is extremely broad, and dates back to colonial times. *Granite State Grocers Ass'n v. State Liquor Comm'n*, 112 N.H. 62, 289 A.2d 399 (1972); *Carling Brewing Co. v. State Liquor Comm'n*, 102 N.H. 284, 155 A.2d 808 (1959); *see Opinion of the Justices*, 97 N.H. 533, 81 A.2d 845 (1951); *Crane v. Campbell*, 245 U.S. 304 (1917); *State v. Roberts*, 74 N.H. 476, 69 A. 722 (1908). Bottle clubs are not exempt from the exercise of this power merely because they do not sell liquor. Bottle clubs are business enterprises designed to facilitate the on-

premises consumption of alcoholic beverages, and therefore may be regulated to the same degree as establishments in which alcoholic beverages are sold. State regulation of the business and commerce of alcoholic beverages which is neither arbitrary nor abridges fundamental rights does not violate the due process guarantees of the fourteenth amendment. *See, e.g., Crane v. Campbell*, 245 U.S. at 308; *Dugan v. Bridges*, 16 F. Supp. 694, 706–07 (D.N.H. 1936).

■ "[U]nless a court can clearly see that a law purporting to have been enacted to protect the public health and public morals has no relation to those objects, it cannot set it aside as unconstitutional and void." *State v. Roberts*, 74 N.H. 476, 478, 69 A. 722, 723 (1908); *see Dugan v. Bridges*, 16 F. Supp. 694, 707 (D.N.H. 1936). The proper inquiry in this case, therefore, is whether the statute at issue is rationally related to a legitimate legislative purpose. *See Crane v. Campbell*, 245 U.S. 304, 307–08 (1917); *B.P.O.E. Lodge v. Ingraham*, 297 A.2d 607, 613 (Me. 1972).

■ Legislative history makes it clear that the purpose of N.H. Laws 1979, ch. 413 was to promote public health, safety, and welfare. Testimony at public hearings revealed a concern with potential and actual problems encountered with bottle clubs already in operation, particularly with regard to an accompanying increase in disorderly conduct and prostitution. The response of the legislature was to limit the hours of operation of bottle clubs to the same extent as establishments which sell alcoholic beverages. Because it can be found that the legislative measure was a rational response to a legitimate concern and did not abridge fundamental rights, the defendant's challenge must fail. *See Opinion of the Justices*, 117 N.H. 533, 536, 376 A.2d 118, 120 (1977); *Opinion of the Justices*, 117 N.H. 749, 379 A.2d 782 (1977).

■■ Defendant next argues that the statute is unconstitutional as a retrospective law. We acknowledge that ex post facto or retrospective laws are generally violative of both the U.S. Const. art. 1, § 10 and the N.H. Const. pt. 1, art. 23. Prohibition of retrospective laws is designed to "prevent the legislature from interfering with the expectations of persons as to the legal significance of their actions taken prior to the enactment of a law," *State v. Vashaw*, 113 N.H. 636, 638, 312 A.2d 692, 693 (1973), and to protect individuals against unjust and oppressive punishment by preventing the legislature from establishing a new rule for the punishment of an act already done. *See Hayes v. LeBlanc*, 114 N.H. 141, 145, 316 A.2d 187, 189 (1974). The statute at issue, however, is not retrospective.

The effective date of N.H. Laws 1979, ch. 413 was the date of its passage, June 23, 1979. The incident for which defendant was arrested occurred on July 22, 1979, one month after the effective date of the statute. Prior to June 23, 1979, the hours during which the bottle clubs could operate were not regulated. The statute did not establish a new rule for the punishment of prior acts of the defendant, but put him on notice as to the effect of his future actions. As in *Vashaw*, the statute required a violation after its effective date in order to activate its provisions, and the defendant cannot claim it is unjust or oppressive. *State v. Vashaw*, 113 N.H. 636, 638, 312 A.2d 692, 693 (1973).

Defendant finally argues that he is not subject to the regulations promulgated by the liquor commission pursuant to RSA 181:6 because he is not a "permittee," *i.e.*, one who sells or keeps for sale alcoholic beverages. Defendant misreads the statute. RSA 175:3-b broadens the application of RSA 181:6. The restrictions previously imposed only upon permittees by RSA 181:6 were imposed upon "nonpermittee" bottle clubs by 175:3-b. The legislative history and plain meaning of the statute support this interpretation. *See Town of Greenland v. Bunker*, 118 N.H. 783, 785, 394 A.2d 321, 322 (1978); *Town of Londonderry v. Faucher*, 112 N.H. 454, 457, 299 A.2d 581, 583 (1977); *Carling Brewery Co. v. State Liquor Comm'n*, 102 N.H. 284, 287, 155 A.2d 808, 811 (1959).

*Remanded for trial.*

DOUGLAS and KING, JJ., did not sit; the others concurred.